UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. SHELL,<br><br>         Petitioner,<br><br>v.<br><br>RONALD RACKLEY, Warden,<br><br>         Respondent. | Case No.: 16-cv-2320 LAB (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 5]; and**<br><br>**(2) DENYING MOTION FOR ORDER TO EXPAND RECORD [ECF No. 15]** |

## I. INTRODUCTION

Before the Court is the first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Edward V. Shell. (ECF No. 5.) Also before the Court is Petitioner's motion for an order to expand the record. (ECF No. 15.)

This Report and Recommendation is submitted to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons discussed below, the Court recommends that Petitioner's first amended petition (ECF No. 5) and motion for an order to expand the record (ECF No. 15) be **DENIED**.

## II. BACKGROUND

In 1997, a jury convicted Petitioner of three counts of robbery under California Penal Code § 211 and one count of attempted robbery under California Penal Code §§ 211, 213, and 664. (ECF No. 12-4 at 2.)[1] The trial court made true findings as to allegations that Petitioner had seven prior serious or violent felony convictions and one prior serious felony conviction for multiple robberies committed in 1991. (*Id.*) Pursuant to California's three-strikes law, the court sentenced Petitioner to three consecutive terms of 25 years to life, plus a consecutive five-year enhancement, for an aggregate indeterminate term of 80 years to life. (*Id.*)

On November 4, 2014, California voters approved Proposition 47, which redesignated some non-serious, non-violent crimes as misdemeanors instead of felonies and permitted resentencing for prisoners currently serving a sentence for any of the offenses that the initiative reduced to misdemeanors. *See Turner v. Richardson*, 2:13-cv-00454 WBS AC P, 2016 WL 47445, at *1 (E.D. Cal. Jan. 5, 2016). Proposition 47 was codified as California Penal Code § 1170.18, and it became effective on November 5, 2014. Cal. Penal Code § 1170.18 (West 2014). Section 1170.18 provides, in relevant part:

> A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section [sic] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

Cal. Penal Code § 1170.18(a).

///

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic filing system.

On November 17, 2014, Petitioner filed a petition pursuant to Proposition 47 to recall the sentence he received in 1997. (ECF No. 5 at 23–52.) The San Diego County Superior Court denied the petition on February 5, 2015, on the basis that the crimes for which Petitioner was convicted, three counts of robbery under California Penal Code § 211 and one count of attempted robbery under California Penal Code §§ 211, 213, and 664, were not eligible for resentencing under Proposition 47. (*Id.* at 53.)

On August 3, 2015, Petitioner, through his counsel John L. Dodd, filed an appeal of the San Diego County Superior Court's denial of his petition for resentencing. (ECF No. 12-2.) According to the California Court of Appeal's opinion in *People v. Shell*, No. D067745 (Cal. Ct. App. Jan. 25, 2016):

> Shell's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) raising one possible but not arguable appellate issue: whether the trial court erred in denying Shell's motion for resentencing pursuant to Proposition 47.

(ECF No. 12-4 at 3.) The Court of Appeal invited Petitioner to file his own supplemental appellate brief and he did so on August 28, 2015. (ECF No. 12-3.) Petitioner argued that he received ineffective assistance of appellate counsel and was denied due process when his attorney erroneously filed a *Wende* brief that referenced California Penal Code § 1170.126 (Proposition 36) instead of California Penal Code § 1170.18 (Proposition 47). (ECF No. 12-3 at 7–11.)

The California Court of Appeal denied Petitioner's appeal in a reasoned decision dated January 25, 2016. (ECF No. 12-4.) The court reasoned as follows:

A

> In a *Wende* appeal, we must consider defendant's supplemental contentions and state the reasons why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) Shell contends he suffered prejudice and was denied due process and effective assistance of counsel because counsel filed a *Wende* brief relying on section 1170.126, which was codified as part of Proposition 36, instead of section 1170.18, which was enacted as part of Proposition 47.

3

Shell was not prejudiced or denied due process by the mention of section 1170.126 because counsel listed the denial of Shell's Proposition 47 petition as an issue, which counsel considered. "[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record." (*People v. Kelly*, *supra*, at p. 119.) Counsel did that and was not required to raise or argue specific issues in his *Wende* brief. (*Id.* at p. 118.)

B

Shell contends section 490.2, a provision added by Proposition 47, required resentencing because his robbery convictions were for petty thefts, "which were elevated to felony charges based on his 1991 priors." (See § 667, subd. (b) ["[i]t is the intent of the Legislature . . . to ensure longer prison sentences and greater punishment for those who commit a felony"].)[3]

Section 490.2 states: "obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." The record shows Shell was not arrested or charged with theft or petty theft in the 1997 convictions. Rather, he was charged with and convicted of three counts of robbery (§ 211) and one count of attempted robbery (§§ 211, 213, 664) from separate victims at two restaurants and a convenience store, all with threats of violence. These felony offenses were crimes against a person and required proof the taking of property from the person or presence of another occurred by force or fear. (§ 211; *People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 ["mere theft becomes robbery if the perpetrator . . . resorts to force or fear while carrying away the loot"].) "Although classified in the Penal Code as a crime against the person, robbery is actually a crime against both the person and property. [Citation.] 'Robbery violates the social interest in the safety and security of the person as well as the social interest in the protection of property rights.'" (*People v. Gomez* (2008) 43 Cal.4th 249, 264.) Robbery is categorically different than simple theft of property. (See §§ 484, 490.2.) Therefore, section 490.2, which applies to theft cases, does not apply to the robbery and attempted robbery convictions in this case and no counts were eligible for resentencing under section 1170.18.

C

Shell again attempts to challenge the validity of his prior strike convictions and contends they were suffered by someone else. Shell's 1997

4

convictions and the true findings on the 1991 convictions are long since final. The validity of these earlier decisions were not properly before the trial court on the petition for resentencing under Proposition 47 and are not properly before us on an appeal from the order denying the petition for resentencing.

Even if these issues were properly before us, we would find no merit in Shell's contentions. We briefly address these issues because they are a consistent theme in Shell's appellate challenges. Shell contends his guilty plea in a single case in 1991 resulting in seven strike convictions should constitute only one strike prior. However, a prior qualifying conviction need not have been brought and tried separately from another qualifying conviction in order to be counted as a separate strike. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 938–40.)

Shell's contention he was sentenced under the three strikes law based on a probation report referring to an unrelated case involving other defendants is equally without merit. From the record Shell provided, it is clear the probation report contains a typographical error. The probation report summarizing the 1991 prior strike allegations, refers to superior court case number CR124967 for five counts of robbery pursuant to section 211 and superior court case number CR124969 for two additional counts of first degree robbery pursuant to sections 211 and 212.5, subdivision (a). However, the 1997 amended information charging Shell with the 1991 convictions as prior strike allegations refers to Shell's seven convictions in superior court case number CR124969. The court found these allegations true prior to the issuance of the probation report. Thus, there is no indication the court relied on an unrelated superior court case from 1991 for his sentencing in 1997.

D

We have reviewed the entire record in accordance with *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, and have not found any arguable appellate issue. Competent counsel represented Shell on this appeal.

_____

[3] During a discussion regarding whether Shell wanted the jury to be instructed regarding lesser included offenses, the court explained lesser included offenses could include petty theft. However, the court explained petty theft by a felon is also a felony. Shell asked the court not to instruct the jury regarding the lesser included offense of petty theft because it was inconsistent with his defense theory of the case. Thereafter, the jury convicted Shell of three counts of robbery and one count of attempted robbery.

(ECF No. 12-4 at 3–7.)

5

16-cv-2320 LAB (JLB)

On January 28, 2016, Petitioner filed a petition for review with the California Supreme Court. (ECF No. 12-5.) Petitioner argued again that he received ineffective assistance of appellate counsel and was denied due process when his appellate counsel erroneously filed a *Wende* brief that referenced California Penal Code § 1170.126 instead of addressing California Penal Code § 1170.18. (*Id.* at 7–9.) The California Supreme Court denied the petition for review without comment on March 30, 2016. (ECF No. 12-6.)

On October 14, 2016, Petitioner filed a petition for writ of habeas corpus with the San Diego County Superior Court (ECF No. 12-7), which was denied on November 9, 2016 (ECF No. 12-8). The record before this Court indicates that Petitioner did not present subsequent habeas corpus petitions to the California Court of Appeal or the California Supreme Court. (*See* ECF No. 5 at 15; ECF No. 12.)

On September 12, 2016, Petitioner filed a petition for writ of habeas corpus with this Court. (ECF No. 1.) Petitioner subsequently filed a first amended petition for writ of habeas corpus on October 6, 2016. (ECF No. 5.) Respondent filed an answer to the first amended petition on January 18, 2017. (ECF No. 11.) Petitioner filed a traverse on February 16, 2017. (ECF No. 13.)

Additionally, on February 21, 2017, Petitioner filed a motion for an order to expand the record in this case. (ECF No. 15.) Respondent did not file an opposition to Petitioner's motion.

### III. SCOPE OF REVIEW

Section 2254 of Title 28 of the United States Code provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In addition, federal habeas corpus claims are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). Under AEDPA, a petitioner must overcome a high threshold to obtain relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

For purposes of federal habeas corpus review under § 2254(d)(1), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The term refers to the holdings, as opposed to the dicta, of Supreme Court decisions. *Id.* at 71 (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A federal habeas court may grant relief under the "contrary to" clause of § 2254(d)(1) if the state court applied a rule different from the governing law set forth in Supreme Court cases or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause of § 2254(d)(1) if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Habeas corpus

relief cannot be granted under § 2254(d)(1) "so long as 'fairminded jurists could disagree'" on whether the state court decision is inconsistent with clearly established federal law. *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To grant relief under § 2254(d)(2)'s "unreasonable determination of the facts" standard, a petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest, assuming it rests upon a determination of the facts, are objectively reasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Where there is no reasoned decision from the state's highest court, the federal habeas court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804–06 (1991); *see also Harrington*, 562 U.S. at 99–100 (holding that an unexplained denial of a claim by the California Supreme Court is an adjudication on the merits of the claim and is entitled to deference unless "there is reason to think some other explanation for the state court's decision is more likely").

## IV. DISCUSSION

### A. Petition for Habeas Corpus

Petitioner claims that his constitutional rights were violated when the San Diego County Superior Court denied his petition to recall his current sentence pursuant to Proposition 47. Specifically, Petitioner alleges that he "has been denied due process and equal protection under the prerequisites of Proposition 47 for resentencing" and he "is being denied equal protection based on the voters['] initiative under Proposition 47 and their intent as it relates to proposition 47." (ECF No. 5 at 9–14.)

Respondent argues that the first amended petition is meritless because Petitioner's claims involve a state court's interpretation of state law and errors of state law do not warrant federal habeas relief. (ECF No. 11-1 at 9–12.) As set forth more fully below, the Court agrees and therefore recommends that the first amended petition be **DENIED**.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v.*

8

*McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)). The U.S. Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Here, although Petitioner labels his claims as federal "due process" and "equal protection" claims, Petitioner has effectively asked this Court to find that a California state court erred in interpreting and applying California state law. Such a claim is not cognizable in federal habeas corpus. *See, e.g.*, *Myles v. Rackley*, 2:16-cv-0278 TLN CKD P, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016), *Report and Recommendation adopted at* 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) (rejecting Proposition 47 claims on ground that "[f]ederal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"); *Adams v. Borders*, ED CV 16-00541-VBF (AS), 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016), *Report and Recommendation adopted at* 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016) ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim . . . is not sufficient to render it cognizable."); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process.") For this reason, the Court recommends that the first amended petition be **DENIED**.

Additionally, even if the Court were to liberally construe Petitioner's claims as federal due process and equal protection claims, the claims should still be denied on the grounds that Petitioner's due process claim is time barred and Petitioner's equal protection claim is both unexhausted and meritless.

### i. Due Process

Petitioner asserts in the first amended petition that he was denied due process on the following grounds:

///

On July 15, 1997, under case number SCD126559, petitioner's waived his rights to a jury trial on his 1991 priors, at the discretion of his trial attorney Nantette Monson, which voided the jury of lesser included offense (LIO's), due to the fact that it went against the theory of his attorney's defense. (See C.T., pp. 7-9) The jury never had the opportunity of verifying the priors used to sentence petitioner under the three-strike-law resulted from a 1991 contract/plea-agreement or was in fact true or even that they belonged to him. The Judge then (not the jury), determined the validity of petitioner's 1991 priors as true, by only asking petitioner to state his name; CDCR number; offense; and length of time he spent incarcerated to see if they coincide with the 969(b) prison package that was used to establish his identity.

Thereafter, the judge stated "I'll accept that as a knowing waiver" (See E.R, pp. 42-43) and at no time was it even proven if the 1991 priors relied on in 1997 were indeed strikeable. The jury was never made aware of the fact that petitioner entered into a contract/plea-agreement on October 9, 1991, which left him with one (1) prior on his record if he were to re-offend. (See E.R, pp. 44-45 & C.T., pp. 2-6 @ p. 5 Ln 6-17)

The jury had no prior knowledge that counts 2, 4, and 5 were designated as nonviolent/nonserious which were to be ran consecutive, and counts 3, 6 and 7 were to be ran concurrent – as agreed to in the petitioner's 1991 contract/plea-agreement. Also, they were not aware that the two 1st degree robberies were consolidated, and not "brought and tried separately" as alleged by the court. (See E.R, pp.46-47)

In the instant case, the court has openly admitted that petitioner's current charges under case number SCD126559 were misdemeanors. However, it was because of his prior conviction under case number CR124969, that his misdemeanor charges were elevated to felony; and knowing that not all prior serious and violent felonies disqualify a person from the reduced penalties under Proposition 47. . . .

(ECF No. 5 at 12–13.)

In his traverse, Petitioner further asserts that his federal due process rights were violated when the trial court failed to instruct the jurors regarding lesser included offenses and "took the authority away from the jury and personally ordered that the jury find petitioner guilty of second degree robbery if a guilty verdict was to be rendered at all." (*See* ECF No. 13 at 9–13.)

10

16-cv-2320 LAB (JLB)

This Court concludes that Petitioner's asserted due process claims are untimely. Under the AEDPA, a petitioner has one year from the date that his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). In the instant case, the due process claim that Petitioner raises challenges not the recent denial of his petition to recall his sentence under Proposition 47 but his 1997 robbery and attempted robbery convictions. Although the AEDPA's one-year statute of limitation is subject to both statutory and equitable tolling, *see Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998), 20 years have passed since Petitioner's 1997 convictions and the AEDPA's statute of limitation has run with respect to these claims. Thus, Petitioner is time barred from raising any federal habeas claim that challenges the proceedings surrounding his 1997 robbery and attempted robbery convictions. As Petitioner does not raise a single federal due process claim that relates to the San Diego County Superior Court's February 5, 2015 denial of his petition to recall his sentence pursuant to Proposition 47, the first amended petition contains no federal due process claim for this Court to address.

### ii. Equal Protection

Petitioner asserts in the first amended complaint that he was "deprived initially, and now, to have the equal protection of proposition 47 to be applied to his individual circumstances." (ECF No. 5 at 11–12.) The Court concludes that this claim is both unexhausted and meritless.

The Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment's equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To assert a claim under the equal protection clause, a petitioner must show that he was similarly situated to other defendants who received preferential treatment. *See Fraley v. Bureau of Prisons*, 1 F.3d

924, 926 (9th Cir. 1993).

Petitioner presents his equal protection claim for the first time in his federal habeas petition. He did not present the claim to any state court prior to filing his habeas petition in federal court. Generally, a habeas petition brought under 28 U.S.C. § 2254 may "not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). To exhaust state judicial remedies, a federal habeas petitioner must present the highest state court available with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, in California, petitioners are required to exhaust their habeas claims in a petition to the California Supreme Court. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). Here, Petitioner did not present his equal protection claim to the California Supreme Court on direct review (*see* ECF No. 12-5) or in any subsequent collateral proceeding. Thus, for purposes of this Court's review of Petitioner's equal protection claim, the claim is not properly exhausted.[2]

Although an unexhausted federal habeas claim generally may not be granted, the AEDPA provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because the AEDPA's exhaustion requirement exists as a matter of comity, assuring the state courts of the "initial

---

[2] Respondent concedes in his answer that Petitioner "appears to have exhausted his state remedies by presenting the claim to the California Supreme Court in a petition for review." (ECF No. 11 at 2). The Court does not agree. To fully exhaust one's state court remedies, a petitioner must "fairly present" the "substance" of a federal habeas claim to the state courts. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (quoting *Picard v. Connor*, 404 U.S. at 278). For purposes of exhaustion, the "substance" of a federal habeas claim includes a "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Id.* (citing *Picard*, 404 U.S. at 277.) While the petition for review that Petitioner filed with the California Supreme Court references the phrase "equal protection," (*see* ECF No. 12-5 at 4, 9), Petitioner failed to present to the California Supreme Court any facts that would entitle him to relief under an equal protection claim. Thus, the Court concludes that this claim was not fairly presented to the California Supreme Court and is therefore unexhausted.

'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)), district courts have jurisdiction to deny an unexhausted claim on the merits only "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* at 624. If there is any question as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim.

In this case, Petitioner fails to make even a threshold showing that his constitutional rights to equal protection were violated. In his first amended petition, Petitioner offers only the conclusory allegation that he was "deprived . . . to have the equal protection of proposition 47 to be applied to his individual circumstances." (ECF No. 5 at 11–12.) Petitioner does not state that he was similarly situated to anyone who received preferential treatment by the San Diego County Superior Court. Nor does the Court's own review of Petitioner's first amended petition and all records bearing on the merits of Petitioner's claims reveal any equal protection claims that Petitioner could bring. Thus, Petitioner does not state a valid claim under the equal protection clause. For this reason, the Court recommends that Petitioner's equal protection claim be **DENIED**.

**B.     Motion to Expand the Record**

Petitioner has filed a motion for an order to expand the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 15.) Petitioner seeks to expand the record to include the following documents, which were filed with the California Court of Appeal in connection with Petitioner's direct appeal of the denial of his petition for resentencing pursuant to Proposition 47: (1) his June 28, 2015 motion for substitution of appellate counsel; (2) his June 28, 2015, declaration in support of his motion for substitution of appellate counsel; (3) his August 3, 2015 request for leave to file an opening brief due to his appellate counsel's failure to process his appeal; (4) his

August 11, 2015 second motion for substitution of appellate counsel; (5) his August 11, 2015 declaration in support of his second motion for substitution of appellate counsel; and (6) his August 11, 2015 request for judicial notice in support of his second motion for substitution of appellate counsel. (*Id.* at 1–2.) Petitioner argues that these documents will "assist the court with exculpatory evidence that would give the court more clarity of the claims that ha[ve] been presented within this case." (*Id.* at 1.)

Rule 7 of the Rules Governing Section 2254 Cases allows district courts "to expand the record by submitting additional materials relating to the petition." Rule 7(a). A record may be expanded without holding an evidentiary hearing." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005), *overruled on other grounds by Daire v. Lattimore*, 812 F.3d 766 (9th Cir. 2016). However, before the record may be supplemented with new materials, a petitioner must make a showing that he meets the conditions for obtaining an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *Id.* (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)). The conditions of § 2254(e)(2) include demonstrating that:

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). An exception to this general rule exists only if a Petitioner "exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." *Cooper-Smith*, 397 F.3d at 1241.

A petitioner who requests an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *See Earp v. Ornoski*, 431 F.3d 1158, 1166–67 (9th

14

16-cv-2320 LAB (JLB)

Cir. 2005) (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005), *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004), and *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). The standard that this Court must apply to determine whether the facts alleged by Petitioner would entitle him to relief is the deferential standard of 28 U.S.C. § 2254(d). *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1014 (9th Cir. 2008) (holding that even assuming the petitioner exercised sufficient diligence in seeking to develop the factual basis for his claims in state court, no evidentiary hearing is warranted where no claim gives rise to a colorable federal habeas claim).

Here, this Court has concluded that Petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2254(d) because he fails to raise even a colorable federal habeas claim in his first amended petition. There are no specific facts alleged in the petition that, if true, would entitle him to the relief he seeks. Because federal habeas relief is not warranted under § 2254(d), Petitioner has not demonstrated that he meets the conditions for obtaining an evidentiary hearing under § 2254(e)(2). Thus, the Court recommends that Petitioner's request to expand the record be **DENIED**. *See Galloway v. Trimble*, 2:11-cv-1464 KJM DAD P, 2012 WL 6555013, at *17 (Dec. 14, 2012) (denying motion to expand record when petitioner failed to demonstrate that federal habeas relief was warranted).

Further, even if Petitioner had raised colorable federal habeas claims in his petition, the motion to expand the record should still be denied because the additional documents that Petitioner seeks to introduce are not relevant to either of Petitioner's alleged habeas claims. Petitioner alleges in the first amended petition that his federal due process rights were violated when the San Diego County Superior Court committed judicial error during Petitioner's 1997 criminal trial and his right to equal protection was violated when the same court later denied his petition for resentencing pursuant to Proposition 47. (*See* ECF No. 1 at 9–14.) The additional documents that Petitioner seeks to add to the record concern the performance of Petitioner's appellate counsel *after* the San Diego County Superior Court delivered its decisions with respect to the events giving rise to Petitioner's alleged due

process and equal protection claims. Thus, the additional documents are irrelevant to Petitioner's alleged federal habeas claims and need not be considered in connection with the petition. *See Delgadillo v. Gonzales*, 1:07-CV-00625 LJO GSA HC, 2008 WL 2332227, at *1 (E.D. Cal. June 4, 2008) (denying motion to expand record where the documents the petitioner sought to introduce had no logical relevance to the claims raised in the habeas petition).

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Petitioner's motion to expand the record; and (3) directing that Judgment be entered **DENYING** the Petition.

**IT IS HEREBY ORDERED** that no later than **August 8, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 15, 2017**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, F.2d 1153, 1156 (9th Cir. 1991).

Dated: July 17, 2017

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge